UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINSVILLE DIVISION

CASE NO.:

JAMIE D. BENSON
and other similarly-situated individuals,

    Plaintiff(s),

v.

SHREDHA & SABURI INC,
a/k/a TRAVELODGE BY WYNDHAM,
and KEYURI G. PATEL, individually,

    Defendants,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JAMIE D. BENSON, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants SHREDHA & SABURI INC, a/k/a TRAVELODGE BY WYNDHAM, and KEYURI G. PATEL, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JAMIE D. BENSON (hereinafter JAMIE D. BENSON, or Plaintiff) is a resident of Alachua County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant SHREDHA & SABURI INC, a/k/a TRAVELODGE BY WYNDHAM (hereinafter TRAVELODGE BY WYNDHAM, or corporate Defendant) is a Florida corporation, having a place of business in Alachua County, Florida, where Plaintiff worked for Defendant. At all times, Defendant was engaged in interstate commerce.

4. The individual Defendant KEYURI G. PATEL was and is now owner/president and manager of TRAVELODGE BY WYNDHAM. Defendant KEYURI G. PATEL was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and is jointly liable for the Plaintiffs' damages.

5. All the actions raised in this Complaint took place in Alachua County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JAMIE D. BENSON to recover from Defendants unpaid regular wages, overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant SHREDHA & SABURI INC, a/k/a TRAVELODGE BY WYNDHAM operates TRAVELODGE BY WYNDHAM. This hotel is located at 15920 NW US HWY 441, Alachua, FL 32615, where Plaintiff worked.

8. Defendant TRAVELODGE BY WYNDHAM and KEYURI G. PATEL employed Plaintiff JAMIE D. BENSON as a non-exempted, full-time, hourly employee from approximately May 01, 2021, to September 22, 2021, or 20 weeks.

9. Plaintiff had duties as a housekeeper and janitor employee. At the time of her hiring, Plaintiff's wage rate was set at $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

10. During her time of employment with Defendants, Plaintiff had a regular schedule of 7 days per week. Plaintiff worked from Monday to Sunday from 9:00 AM to 5:00 PM (8 hours daily). Plaintiff worked 56 hours every week. Plaintiff did not take bonafide lunch periods.

11. In addition to her regular schedule, Plaintiff worked two nights per week at least 2 On-Call hours.

12. Thus, Plaintiff worked regularly and consistently a total of 58 hours every week. Plaintiff worked more than 40 hours weekly. However, Plaintiff was not paid her regular wages and overtime hours. Plaintiff did not receive compensation for all her hours worked at any rate, not even at the minimum wage rate, as required by law.

13. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff complained multiple times about her missing payment for regular hours, and overtime payments to her supervisors Kay LNU and Jeff LNU. Plaintiff also complained to the General Manager KEYURI G. PATEL, but Defendants never fixed the problem and harassed her because of her demands for unpaid wages.

16. On or about September 20, 2021, Plaintiff complained and requested payment for her hours worked. Defendant KEYURI G. PATEL refused to pay Plaintiff her wages and told Plaintiff: "Your are lucky to have a roof over your head". At the time, Plaintiff was renting a room at TRAVELODGE BY WYNDHAM, at the rate of $250.00 per week.

17. On or about September 22, 2021, Plaintiff was forced to leave her employment because she was not receiving payment for her working hours. Plaintiff could not afford to pay rent anymore without receiving her hard-earned wages.

18. Plaintiff JAMIE D. BENSON intends to recover all her regular hours, all her overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**</u>

20. Plaintiff JAMIE D. BENSON re-adopts every factual allegatio stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff JAMIE D. BENSON as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and

who worked in excess of forty (40) hours during one or more weeks on or after May 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant TRAVELODGE BY WYNDHAM was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides lodging services through its business activity, affecting interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities regularly participated in interstate commerce. Plaintiff's work was directed to maintain facilities providing hotel services. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, Therefore, there is FLSA individual coverage.

24. Defendant TRAVELODGE BY WYNDHAM and KEYURI G. PATEL employed Plaintiff JAMIE D. BENSON as a non-exempt, full-time, hourly employee from approximately May 01, 2021, to September 22, 2021, or 20 weeks.

25. Plaintiff had duties as a housekeeper and janitor employee. At the time of her hiring, Plaintiff's wage rate was set at $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

26. During her time of employment with Defendants, Plaintiff had a regular schedule of 7 days per week, from Monday to Sunday from 9:00 AM to 5:00 PM (8 hours daily). Plaintiff worked 56 hours every week. Plaintiff did not take bonafide lunch periods.

27. In addition to her regular schedule, Plaintiff worked two nights per week at least 2 On-Call hours.

28. Thus, Plaintiff worked regularly and consistently a total of 58 hours every week. Plaintiff worked more than 40 hours weekly. However, Plaintiff was not paid overtime hours. Plaintiff did not receive compensation for all her hours worked at any rate, not even at the minimum wage rate, as required by law.

29. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

30. Therefore, Defendants willfully and intentionally failed to pay Plaintiff overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees.

32. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modifications as discovery could dictate. Plaintiff will base her calculations considering 40 regular hours as paid. After discovery, Plaintiff will adjust her calculations.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Five Thousand Four Hundred Dollars and 00/100 ($5,400.00)

   b. <u>Calculation of such wages</u>:
   Total weeks of employment:  20 weeks
   Total relevant weeks of employment: 20 weeks
   Total hours worked:  58 hours weekly
   Total O/T hours: 18 O/T hours
   Regular rate: $10.00 an hour x 1.5= $15.00
   Overtime rate:  $15.00

   O/T rate $15.00 x 18 O/T hours=$270.00 weekly x 20 weeks=$5,400.00

   <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents unpaid overtime wages.

35. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

37. At times mentioned, individual Defendant KEYURI G. PATEL was and is now the owner/partner and manager of TRAVELODGE BY WYNDHAM. Defendant KEYURI G. PATEL was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in TRAVELODGE BY WYNDHAM'S interests concerning its employees, including Plaintiff and others similarly situated. Defendant KEYURI G. PATEL had financial and operational control of the business, provided Plaintiff with her work schedule, and she is jointly and severally liable for Plaintiff's damages.

38. Defendants TRAVELODGE BY WYNDHAM and KEYURI G. PATEL willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JAMIE D. BENSON and those similarly-situated respectfully requests

that this Honorable Court:

A. Enter judgment for Plaintiff JAMIE D. BENSON and other similarly-situated individuals and against the Defendants TRAVELODGE BY WYNDHAM and KEYURI G. PATEL, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JAMIE D. BENSON actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JAMIE D. BENSON demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

40. Plaintiff JAMIE D. BENSON re-adopts every factual allegation as stated in paragraphs 1-19 of this Complaint as if set out in full herein.

41. Defendant TRAVELODGE BY WYNDHAM was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides lodging services through its business activity, affecting interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently using the instrumentalities

of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

42. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities regularly participated in interstate commerce. Plaintiff's work was directed to maintain facilities providing hotel services. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, Therefore, there is FLSA individual coverage.

43. This action is brought by Plaintiff JAMIE D. BENSON and those similarly-situated to recover from the Employer TRAVELODGE BY WYNDHAM and KEYURI G. PATEL unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

44. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

45. Defendant TRAVELODGE BY WYNDHAM and KEYURI G. PATEL employed Plaintiff JAMIE D. BENSON as a non-exempted, full-time, hourly employee from approximately May 01, 2021, to September 22, 2021, or 20 weeks.

46. Plaintiff had duties as a housekeeper and janitor employee. At the time of her hiring, Plaintiff's wage rate was set at $10.00 an hour.

47. During her time of employment with Defendants, Plaintiff had a regular schedule of 7 days per week. Plaintiff worked from Monday to Sunday from 9:00 AM to 5:00 PM (8 hours daily). Plaintiff worked 56 hours every week. Plaintiff did not take bonafide lunch periods.

48. In addition to her regular schedule, Plaintiff worked two nights per week at least 2 On-Call hours.

49. Thus, Plaintiff worked regularly and consistently a total of 58 hours every week. Plaintiff worked more than 40 hours weekly. However, Plaintiff was not paid her regular wages, she did not receive compensation for all her hours worked at any rate, not even at the minimum wage rate, as required by law.

50. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

51. Therefore, Defendant willfully failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

52. The records, if any, concerning the number of hours worked by Plaintiff and all others similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief,

Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

53. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

54. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

55. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

    *Plaintiff wage rate was $10.00 an hour. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

        Six Thousand Nine Hundred Twenty Dollars and 00/100 ($6,920.00)

    b. <u>Calculation of such wages</u>:

        Total weeks of employment:  20 weeks
        Total relevant weeks of employment: 20 weeks
        Total hours worked: 40 hours weekly
        Total number of unpaid hours:  40 regular hours
        Fl. Minimum wages: $8.65 an hour

        Min. Wage $8.65 x 40 hours=$346.00 weekly x 20 weeks=$6,920.00

    c. <u>Nature of wages:</u>

        This amount represents unpaid minimum wages at Florida's minimum wage rate.

56. Defendants TRAVELODGE BY WYNDHAM and KEYURI G. PATEL knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act.

57. At the times mentioned, individual Defendant KEYURI G. PATEL was the owner and manager of TRAVELODGE BY WYNDHAM. Defendant KEYURI G. PATEL was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of TRAVELODGE BY WYNDHAM in relation to its employees, including Plaintiff and others similarly situated. Defendant KEYURI G. PATEL had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

58. Defendants TRAVELODGE BY WYNDHAM and KEYURI G. PATEL willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the date of her constructive discharge, and Plaintiff is entitled to recover double damages.

59. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAMIE D. BENSON and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JAMIE D. BENSON and against the Defendants TRAVELODGE BY WYNDHAM and KEYURI G. PATEL based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum

wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JAMIE D. BENSON and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY CONSTRUCTIVE DISCHARGE; AGAINST ALL DEFENDANTS

60. Plaintiff JAMIE D. BENSON re-adopts each and every factual allegation as stated in paragraphs 1-19 of this Complaint as if set out in full herein.

61. Defendant TRAVELODGE BY WYNDHAM was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides lodging services through its business activity, affecting interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

62. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities regularly participated in interstate commerce. Plaintiff's work was directed to maintain facilities providing hotel services. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, Therefore, there is FLSA individual coverage.

63. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

64. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

65. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

66. Defendant TRAVELODGE BY WYNDHAM and KEYURI G. PATEL employed Plaintiff JAMIE D. BENSON as a non-exempted, full-time, hourly employee from approximately May 01, 2021, to September 22, 2021, or 20 weeks.

67. Plaintiff had duties as a housekeeper and janitor employee. At the time of her hiring, Plaintiff's wage rate was set at $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

68. Plaintiff worked regularly and consistently a total of 58 hours every week. Plaintiff worked more than 40 hours weekly. However, Plaintiff was not paid her regular wages and

overtime hours. Plaintiff did not receive compensation for all her hours worked at any rate, not even at the minimum wage rate, as required by law.

69. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

70. Therefore, Defendants willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

71. Plaintiff complained multiple times about her missing payment for regular hours, and overtime payments to her supervisors Kay LNU and Jeff LNU. Plaintiff also complained to the General Manager KEYURI G. PATEL.

72. These complaints constituted protected activity under the Fair Labor Standards Act.

73. Defendants never fixed the problem, but after each complaint, Defendants harassed Plaintiff because of her demands for unpaid wages.

74. On or about September 20, 2021, Plaintiff complained and requested payment for her hours worked. Defendant KEYURI G. PATEL refused to pay Plaintiff her wages and told Plaintiff: "Your are lucky to have a roof over your head". At the time, Plaintiff was renting a room at TRAVELODGE BY WYNDHAM, at the rate of $250.00 per week.

75. On or about September 22, 2021, Plaintiff was forced to leave her employment because Defendants denied payment for her working hours. Plaintiff could not afford to pay rent anymore, without receiving her hard-earned wages.

76. Thus, on or about September 22, 2021, Plaintiff was constructively discharged, because Defendants deliberately created unfair working conditions and harassed Plaintiff in such a way that any reasonable person could not accept, and she was forced to resign.

77. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful employment practices to constructively discharge Plaintiff.

78. There is close proximity between Plaintiff's protected activity and her constructive discharge.

79. At the times mentioned, individual Defendant KEYURI G. PATEL was the owner and manager of TRAVELODGE BY WYNDHAM. Defendant KEYURI G. PATEL was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of TRAVELODGE BY WYNDHAM in relation to its employees, including Plaintiff and others similarly situated. Defendant KEYURI G. PATEL had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

80. The motivating factor which caused Plaintiff's constructive discharge as described above was her complaint seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for her complaints about unpaid regular wages.

81. Defendant's constructive discharge of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

82. Plaintiff JAMIE D. BENSON has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAMIE D. BENSON respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants TRAVELODGE BY WYNDHAM and KEYURI G. PATEL, that Plaintiff JAMIE D. BENSON recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JAMIE D. BENSON further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff JAMIE D. BENSON demands trial by jury of all issues triable as of right by jury.

Dated:  January 12, 2022.                                                                                              ,

                                    Respectfully submitted,

                                    By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*